EBEL, J.,
concurring in part, dissenting in part.
I agree with the majority that there is no procedural error in this case that warrants relief. Nevertheless, I would vacate Defendant Thomas Griffin, Jr.’s sixty-month above-guideline sentence as substantively unreasonable.
In imposing this sentence, the district court nearly doubled the usual sentence that the sentencing commission established for the “mine run” of cases involving offenses and defendants with criminal histories similar to Griffin’s. The district court varied upward to such an extent because the district court determined that Griffin, like his co-defendant Jordan Smith, was incorrigible. I cannot agree, in light of Griffin’s young age (twenty-one at the time of sentencing); the fact that Griffin has never before served any time in jail, let alone prison, for any of his three prior convictions[1]; because he was less complied in the conduct underlying his federal conviction than his co-defendant; and because Griffin’s prior criminal history does not indicate that Griffin just committed the same offenses over and over again. There is nothing in this record that justifies such a significant upward variance.
I recognize that we must afford the district court’s sentencing decision significant deference, see Gall v. United States, 552 U.S. 38, 41, 49, 51-52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and that it will be a rare sentence that is substantively unreasonable, see United States v. Fraser, 647 *797 F.3d 1242, 1247 (10th Cir.2011). And there are factors in Griffin’s case that would probably justify a sentence above the guideline range. But here the variance goes too far, and the resulting sixty-month sentence is substantively unreasonable.

. See United States v. Qualls, 373 F.Supp.2d 873, 877 (E.D.Wis.2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend.”); United States v. Hammond, 240 F.Supp.2d 872, 880 (E.D.Wis.2003) (noting that "if a defendant’s prior sentences were measured in months or days, a federal sentence of just a few years would likely provide a significant deterrent”); cf. United States v. Mishoe, 241 F.3d 214, 220 (2d Cir.2001) (noting that, “if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offenses might be expected to have the requisite deterrent effect”).